IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNE HARAYDA, on behalf of herself and all other similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>STARBUCKS CORPORATION, )<br><br>Defendant. ) | **08** se No. **CIV 4182** |

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendant Starbucks Corporation ("Starbucks"), by and through its undersigned counsel of record, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support of its Notice of Removal, Starbucks states as follows:

## I.    PLAINTIFF'S COMPLAINT

1.    On April 10, 2008, plaintiff Julianne Harayda commenced a civil action against Starbucks in the Supreme Court of the State of New York, Westchester County. Attached as Exhibit A is a true copy of plaintiff's Complaint, Summons, Request for Judicial Intervention, Statement Justifying Assignment to the Commercial Division, and Attorney's Certification filed by plaintiff. Starbucks was served with plaintiff's complaint on April 11, 2008. Attached as Exhibit B is the Supreme Court of New York, Westchester County's April 17, 2008 Letter Notice of Preliminary Conference. There have been no further proceedings or filings in the above-titled action.

2.      Plaintiff is a former Starbucks employee who worked as a "barista" at a Starbucks store in Mamaroneck, New York for four months in early 2007. (Complaint ¶ 5.) She is a citizen of the State of New York and a resident of Westchester County. (*Id.*) Starbucks is a Washington corporation with its principal place of business in Washington. (*Id.* ¶ 6.)

3.      Plaintiff alleges that Starbucks violated the New York Labor Law because gratuities left in a "tip jar" at plaintiff's store were distributed amongst both baristas and shift supervisors at the end of the workweek. (Complaint ¶¶ 7-9, 28-31, 37.) Plaintiff purports to bring her claim on behalf of a putative class consisting of "all citizens of New York State who were employed by Starbucks in the State of New York during the past six years and shared their tips with shift supervisors and other agents of Starbucks." (*Id.* ¶ 20.) Plaintiff excludes from her proposed class definition "managers, shift supervisors, and agents of Starbucks." (*Id.*)

4.      Plaintiff seeks a declaration that the action is a proper class action, compensatory damages "in the full value of all gratuities Starbucks has retained, and continues to retain, at the expense of Plaintiff and the Class," a preliminary and permanent injunction requiring Starbucks to "correct its practices and no longer demand that its employees share their gratuities with agent shift supervisors," costs and expenses, attorney's fees, and "all amounts allowable under New York Labor Law Section 198," including liquidated damages in the amount of "25 percent of the wages found due them." (Complaint ¶¶ 33-35 and §§ (a)-(f) of Jury Demand.)

5.      Plaintiff seeks in excess of $5,000,000 in monetary relief, exclusive of punitive damages, interest, costs, disbursements, and counsel fees. (Attorney's Certification ¶ 3.)

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)

6.      The above-described action is a civil action over which this Court has original jurisdiction pursuant the diversity jurisdiction provisions of the Class Action Fairness Act

("CAFA"), Pub. L. No. 109-2 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-15.) Removal of
this case therefore is proper pursuant to 28 U.S.C. § 1441(b).

7.      Pursuant to CAFA, federal district courts have original jurisdiction over a class
action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of
a state different from any defendant, and (3) the aggregated amount in controversy exceeds
$5,000,000, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(d)(2), (d)(6); *Blockbuster,
Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Each of these elements is met based on the
allegations in plaintiff's complaint.

   A.   <u>Class Size</u>

8.      Plaintiff purports to represent a class that includes "all citizens of New York State
who were employed by Starbucks in the State of New York during the past six years and shared
their tips with shift supervisors and other agents of Starbucks," except for those members within
the class definition who are "managers, shift supervisors, and agents of Starbucks." (Complaint
¶ 20.) This class definition includes the barista position in which plaintiff worked. (*Id.* ¶¶ 5, 9,
20.) Far more than 100 individuals worked for Starbucks in New York in the position of barista
during the time period purportedly encompassed by the Complaint. (*See* Declaration of Bob
Ravener In Support of Notice of Removal ("Ravener Decl.") ¶ 10 (attached hereto as Exhibit
B).) Plaintiff likewise estimates there are "thousands" of putative class members. (*Id.* ¶ 20.); *see
also, e.g., Galeno*, 472 F.3d at 57 (plaintiffs' allegation that "thousands" of class members
existed satisfies class size requirement of CAFA). Because the putative class consists of more
than 100 members, CAFA confers federal jurisdiction over plaintiff's action if the diversity and
amount-in-controversy requirements are met. *See* 28 U.S.C. § 1332(d)(2)(5)(B).

**B.**    **Diversity of Citizenship**

9.    The diversity of citizenship requirements of § 1332(d) are satisfied.  At all

relevant times, diversity of citizenship has existed between the parties in this action.

10.    Plaintiff is a citizen of the State of New York and a resident of Westchester

County.  (Complaint ¶ 5.)

11.    Starbucks is not a citizen of the State of New York.  "[A] corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it

has its principal place of business...."  28 U.S.C. § 1332(c)(1); *see also, e.g., Galeno*, 472 F.3d at

59.  Starbucks is a corporation organized under the laws of the State of Washington, with its

principal place of business in Washington.[1]  (Complaint ¶ 6; *see also* Ravener Decl. ¶¶ 2-3.)

12.    Although Starbucks has retail stores in all 50 states and the District of Columbia,

the company maintains its corporate headquarters in Seattle, Washington, where the company's

senior management and administrative officers conduct their day-to-day business.  (Ravener

Decl. ¶¶ 4, 9.)  Company-wide financial, marketing, operational and other policies are created

and disseminated from Washington, financial and tax records are maintained and filed from

Washington, and Board of Directors and stockholder meetings take place in Washington.  (*Id.* ¶¶

5-7.)  Starbucks also occupies far more commercial real estate in Washington than in any other

state, including its headquarters and a roasting plant and other facilities at which the company's

coffee products are created, manufactured, processed, and distributed.  (*Id.* ¶ 8.)  Under these

facts, Starbucks is not a citizen of the State of New York, and thus diversity of citizenship exists

---

[1] "[E]very corporation has one and only one principal place of business" for purposes of
determining diversity jurisdiction. *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401,
406 (5th Cir. 1987), *citing* S.Rep. No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958
U.S.C.C.A.N. 3099, 3102.

for purposes of § 1332(d). *See, e.g., Pinnacle Consultants, Ltd. v. Leucadia Nat. Corp.*, 101 F.3d 900, 906-07 (2d Cir. 1996) (regardless of analytical test used, determining principal place of business is "relatively straightforward" where corporation "generally conducts its business policy and makes management decisions in a single state"); *Augienello v. Federal Dep. Ins. Corp.*, 310 F. Supp. 2d 582, 590-91 (S.D.N.Y. 2004) (corporation which is "engaged in far-flung and varied activities which are carried on in different states" has its principal place of business "at the location of the corporation's headquarters").

**C.    Amount in Controversy**

13.    Plaintiff has averred that she is seeking damages in excess of $5,000,000. (Attorney's Certification ¶ 3.) Plaintiff's assertion that more than $5,000,000 is controlling for purposes of determining the amount in controversy unless it is "so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006); *see also, e.g., St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289-92 (for purposes of determining amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

14.    Plaintiff's complaint seeks, *inter alia*, compensatory damages "in the full value of all gratuities Starbucks has retained, and continues to retain, at the expense of Plaintiff and the Class," attorney's fees, and "all amounts allowable under New York Labor Law Section 198," including liquidated damages in the amount of "25 percent of the wages found due them." (Complaint, Jury Demand ¶¶ (b), (d)-(e).) Plaintiff seeks this relief because shift supervisors have allegedly improperly received a portion of gratuities left in store tip containers. (Complaint ¶¶ 7-8.) If shift supervisors received tips of $0.50 per hour, the amount of tip income that

Starbucks imputes for tax purposes, then plaintiff's claim places in controversy more than $5,000,000 in compensatory damages and $1,250,000 in liquidated damages over the six-year putative class period. (*See* Ravener Decl. ¶¶ 11-12; Complaint ¶ 20.)

15.    The amount in controversy requirement of § 1332(d) thus is satisfied by reference to the amount claimed in plaintiff's initial pleadings and plaintiff's compensatory and liquidated damages allegations. The Court and parties therefore need not attempt to value the attorney's fees requested by plaintiff and the financial impact on Starbucks of the injunctive relief sought by plaintiff for purposes of determining the amount in controversy. *See, e.g., Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199 (1933) (attorney's fees considered element of "amount in controversy" for purposes of removal); *Hunt v. Washington State Apple Adv. Comm'n,* 432 U.S. 333, 347 (1977) (valuation or cost of injunctive relief considered element of "amount in controversy" for purposes of removal).

**D.    Satisfaction of Other Removal Requirements**

16.    The United States District Court for the Southern District of New York is the judicial district embracing the place where this action was filed by plaintiff. This Court therefore is the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

17.    Starbucks has filed its notice of removal within 30 days of the receipt by Starbucks, through service or otherwise, of plaintiff's initial pleading. This removal therefore is timely pursuant to 28 U.S.C. § 1446(b).

18.    There are no grounds that would justify this Court to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

WHEREFORE, Starbucks requests that the above-referenced action now pending against it in the Supreme Court of the State of New York, County of Westchester be removed to this Court.

DATED: May 1, 2008

Respectfully submitted,

Samidh Guha
AKIN GUMP STRAUSS HAUER & FELD, LLP
590 Madison Avenue
New York, NY  10022
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
sguha@akingump.com

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JULIANNE HARAYDA, on behalf of herself and all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ __ __ ___ |
| vs. | ) ) ) | |
| STARBUCKS CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

## DECLARATION OF BOB RAVENER

I, Bob Ravener, certify and declare as follows:

1.      I am currently employed as Starbucks Corporation's ("Starbucks") Senior Vice President of Partner Resources for Retail Operations in the United States.  In that position, I am familiar with and have personal knowledge of Starbucks corporate organization, operations, policy-making procedures, workforce distribution, and general business affairs.  I submit this declaration in support of Defendant Starbucks Corporation's Notice of Removal.

2.      Starbucks is a corporation organized and incorporated under the laws of the state of Washington.  Starbucks is not incorporated in the state of New York.

3.      Starbucks maintains its corporate headquarters at 2401 Utah Avenue South, Seattle, Washington 98134.

4.      Starbucks executive officers, including the chairman, president, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Starbucks headquarters in Seattle, Washington.

5.      Starbucks company-wide operating, distribution, financial, employee relations, marketing, development, customer care, accounting, income tax, treasury, and legal policy decisions are generally created and disseminated from its headquarters in Washington.

6.      Meetings of Starbucks Board of Directors and stockholders take place in the state of Washington.

7.      Starbucks financial records are maintained in the state of Washington. Starbucks tax returns also are filed from the state of Washington.

8.      Starbucks occupies approximately 1,700,000 square feet of space, including offices, training facilities, and manufacturing and distribution centers, in the state of Washington. Starbucks does not occupy as much space in any other state. Starbucks operates one of its four roasting and distribution facilities in Washington, at which the company's coffee products are created, manufactured, processed, and tested. None of the four roasting and distribution facilities is located in the state of New York.

9.      Starbucks operates retail stores and employs individuals in all 50 states and the District of Columbia. Starbucks has no more than 26 percent of its stores and employees in any one state. Less than 6 percent of the company's stores are located in the state of New York, and less than 6 percent of the company's employees work in the state of New York.

10.     As of March 2008, Starbucks operated more than 400 stores in the state of New York. Each store employs several baristas. Starbucks thus employed far more than 100 baristas in the state of New York between April 2002 and April 2008.

11.     Starbucks partners record their hours on an electronic time-keeping system. The reported hours data are maintained in a centralized database. An analysis of the hours data in this database shows that individuals employed in the shift supervisor position in the state of New York between April 10, 2002 and April 10, 2008 worked more than 10 million total hours.

12.     Baristas and shift supervisors divide amongst themselves gratuities left by Starbucks customers in a "tip jar" in proportion to the hours they worked. Starbucks imputes $0.50 of tip income per hour worked to each barista and shift supervisor for tax purposes.

I declare under penalty of perjury under the laws of the United States that the foregoing declaration consisting of 12 numbered paragraphs is true and correct.

Executed on this _30_ day of April, 2008, at _Seattle_.

_____
Bob Ravener

EXHIBIT A



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

LDD / ALL
Transmittal Number: 5713197
Date Processed: 04/11/2008

| | |
|---|---|
| Primary Contact: | Emi McElroy |
| | Starbucks Corporation Legal Department |
| | 2401 Utah Ave. South |
| | Floor 8TH MS:S-LA1 |
| | Seattle, WA 98134 |

| | |
|---|---|
| Entity: | Starbucks Corporation |
| | Entity ID Number  0178010 |
| Entity Served: | Starbucks Corporation |
| Title of Action: | Juilanne Harayda, on behalf of herself and all others similarly situated vs. Starbucks Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court: | Westchester Supreme Court, New York |
| Case Number: | 08-07858 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 04/11/2008 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Plaintiff's Attorney: | Lester L. Levy |
| | 212-759-4600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | | |
|---|---|---|
| JULIANNE HARAYDA on behalf of<br>herself and all others similarly situated, | ) | Index No. 08 - 07958 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **SUMMONS** |
| -against- | ) | |
| | ) | |
| STARBUCKS CORPORATION, | ) | RECEIVED |
| C/O CSC - Defendant<br>80 State St. | ) | APR 10 2008<br>TIMOTHY C. IDONI<br>COUNTY CLERK<br>COUNTY OF WESTCHESTER |

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorneys, whose address is:

WOLF POPPER LLP
845 Third Avenue
New York, NY 10022
(212) 759-4600

an answer to the complaint in this action within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Westchester County is designated as the place of trial in that plaintiff's principal residence is in Westchester County and Defendant has at all relevant times been doing business within the County of Westchester and a substantial part of the events giving rise to the claims herein occurred in Westchester County.

Doc#157809

Dated:
April 10, 2008
New York, New York

WOLF POPPER LLP

By: _____

Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
845 Third Avenue
New York, NY 10022
(212) 759-4600

*Attorneys for Plaintiff*

Defendant's address:

Starbucks Corporation
c/o The Registered Agent
The Prentice-Hall Corporation
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
WESTCHESTER COUNTY

JULIANNE HARAYDA, on behalf of herself
and all others similarly situated,

Plaintiff,

vs.

STARBUCKS CORPORATION,

Defendant.

Index No. 08-07858

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
APR 10 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, individually and on behalf of all others similarly situated, by her attorneys,

alleges the following upon information and belief, except for those allegations pertaining to

Plaintiff, which are based upon personal knowledge:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action against Starbucks Corporation ("Starbucks", the

"Company" or "Defendant") on behalf of herself and the Class (defined in paragraph 20, below).

Starbucks improperly required the Class to share their gratuities with Starbucks and agents of

Starbucks in violation of New York Labor Law.

**JURISDICTION AND VENUE**

2.    This Court has personal jurisdiction over Defendant pursuant to §§ 301 and/or

302 of the New York Civil Practice Law and Rules ("CPLR").  Defendant regularly solicits,

transacts and conducts business in this State from which it derives substantial revenues and this

action arises from Defendant's activities in New York.

3.    The only claims asserted are under the labor laws of the State of New York.

Doc. 160264

4.      Venue is proper in that Plaintiff resides in this County. At all relevant times, Starbucks has been doing business in this County and throughout the State of New York.

## THE PARTIES

5.      Plaintiff is a citizen of the State of New York and a resident of Westchester County. Plaintiff worked as a barista at Starbucks in Mamaroneck, New York from January 2007 to April 2007.

6.      Defendant is incorporated in the state of Washington and its principal offices are located at 2401 Utah Avenue South, Seattle, Washington 98134.

## SUBSTANTIVE ALLEGATIONS

7.      While employed by Defendant, Plaintiff made $7.50 an hour, plus a portion of gratuities collected from customers in tip jars at the registers. Each employee's portion of gratuities was distributed weekly.

8.      While Plaintiff was employed at Starbucks, the shift supervisor removed the tips from the tip jars at the registers, logged the amount of tips collected each day and put the collective tip amounts in the store safe. At the end of each week, employees received a portion of tips, in cash, in a brown paper bag taped to their paychecks.

9.      The baristas at Starbucks, as well as the shift supervisors, received a portion of the weekly gratuities.

10.     Starbucks acknowledged that its "tip policy allows . . . baristas and shift supervisors to receive their fair share of customer tips" and that shift supervisors and baristas "pool their tips when customers express their gratitude for superior service."

11.     The shift supervisors at Starbucks have managerial duties including supervising

baristas, handling store keys, opening and closing stores, handling cash, opening and closing cash registers and administrative duties. Shift supervisors are responsible for operations when store managers are away. Shift supervisors also have the power and authority to discipline baristas through performance reviews.

12.    Section 193 of New York Labor Law states that "[n]o employer shall make any charge against wages, or require an employee to make any payment by separate transaction . . ."

13.    Defendant Starbucks made charges against the wages of Plaintiff and the Class by retaining gratuities though their agents, the shift supervisors.

14.    Section 196-d of the New York Labor Law prohibits employers from sharing in employees' tips, directly or through agents or officers. ( "No employer or his agents or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.")

15.    The shift supervisors are agents or officers of Starbucks. Hence, Defendant violated, and continues to violate, New York Labor Law by having shift supervisors share in employees' tips

16.    Under New York Labor Law § 198-b, "[w]henever any employee who is engaged to perform labor shall be promised an agreed rate of wages for his or her services . . . it shall be unlawful for any person, either for that person or any other person, to request, demand, or receive . . . a return, donation or contribution of any part of all of said employee's wages . . . upon the statement, representation, or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment."

17.    During their employment with Defendant, Plaintiff and the Class were to receive a paycheck and their legal portion of weekly gratuities collected in tip jars.

18.    By allocating portions of the tips to shift supervisors, Starbucks improperly requested, demanded and received a return, donation or contribution of the Class' wages.

19.    Plaintiff and the Class are entitled to recover the gratuities retained by shift supervisors.

## CLASS ACTION ALLEGATIONS

20.    Plaintiff brings this action pursuant to Article 9 of the CPLR on behalf of herself and the "Class" defined as: all citizens of New York State who were employed by Starbucks in the State of New York during the past six years and shared their tips with shift supervisors and other agents of Starbucks. Excluded from the Class are managers, shift supervisors and agents of Starbucks.

21.    Numerosity: Members of the Class are so numerous that joinder of all members is impracticable. Plaintiff believes there are thousands of current and former Starbucks employees who are members of the Class described above who have been damaged by Starbuck's tip sharing practices. The names and addresses of the members of the Class are identifiable through documents maintained by Starbucks and the members of the Class may be notified of the pendency of this action by published, mailed and/or electronic notice.

22.    Common Questions of Fact and Law: The questions of law and fact common to the members of the Class which predominate over any questions which may affect individual Class members include, but are not limited to:

    a)    Whether Starbucks engaged in tip sharing or tip pooling;

    b)    Whether supervisors or other agents of Starbucks participated in the tip

Doc. 160264                                    -4-

sharing or tip pooling;

c)    Whether Starbucks and its agents improperly demanded and received gratuities due Starbucks employees;

d)    Whether the shift supervisors at Starbucks are agents of Starbucks;

e)    Whether Starbucks violated New York Labor Law by taking tips from its employees; and

f)    Whether Starbucks employees were damaged and the appropriate measure of damages.

23.    Typicality:  Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of each member of the Class, in that Plaintiff, as every member of the Class, was an employee at Starbucks and was denied gratuities to which she was entitled based on Starbucks' illegal tip sharing practices.  Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

24.    Adequacy: Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in complex class action litigation and they intend to prosecute this action vigorously.  Plaintiff has no interests which conflict with those of the Class.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

25.    Starbucks has acted on grounds generally applicable to the Class, making relief appropriate with respect to Plaintiff and the members of the Class. The prosecution of separate actions by individual Class members would create a risk of inconsistent and varying adjudications.

26.     Superiority: A class action is superior to the other available methods for the fair

Doc. 160264                                                -5-

and efficient adjudication of this controversy because:

    a)    The joinder of thousands of individual members of the Class is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b)    The individual claims of the members of the Class now may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, expensive, if not totally impossible, to justify individual actions;

    c)    When defendant's liability has been adjudicated, claims of all members of the Class can be determined by the court and administered efficiently in a manner which is far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d)    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time, resources, and limited pool of recovery;

    e)    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f)    This class action will assure uniformity of decisions among members of the Class; and

    g)    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation.

## FIRST CAUSE OF ACTION

### CLAIM FOR DAMAGES UNDER
### SECTIONS 193, 196-d and 198-b OF NEW YORK LABOR LAW

27.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

28.    Defendant made charges against the wages of Plaintiff and the Class by improperly retaining gratuities.

29.    By allocating portions of the tips to shift supervisors, Starbucks improperly

received a return, donation or contribution of wages.  Plaintiff and the Class understood that failure to accept Defendant's tipping practices could lead to dismissal.

30.     Starbucks' shift supervisors are agents of the corporation, and therefore the Company violated, and continues to violate New York Labor Law by sharing in employees' tips. Plaintiff and the Class are entitled to recover the gratuities demanded by shift supervisors at Starbucks.

31.     Starbucks' violation of New York Labor Law has benefitted, and continues to benefit Starbucks and has damaged, and continues to damage Plaintiff and the Class.

32.     Plaintiff is within the class for whose benefit the statutes was enacted and therefore may maintain this action.

33.     Plaintiff and the Class are entitled to recover the gratuities demanded and paid to shift supervisors.

34.     Defendant knowingly and willfully diverted, and continues to divert, gratuities to its shift supervisors.

35.     Plaintiff and the Class are also entitled to the relief allowable under New York Labor Law § 198, including the wages due them, attorneys' fees and additional liquidated damages in the amount of 25 per cent of the wages found due them.

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF

36.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-30 and 34 as if set forth herein.

37.     Starbucks is continuing to improperly take gratuities from its employees.

38.     There is no adequate remedy at law.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class, pray for judgment as follows:

(a)     declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Article 9 of the CPLR;

(b)     awarding compensatory damages in the full value of all gratuities Starbucks has retained, and continues to retain, at the expense of Plaintiff and the Class;

(c)     entering preliminary and permanent injunctive relief against Starbucks, directing Starbucks to correct its practices and no longer demand that its employees share their gratuities with agent shift supervisors;

(d)     awarding Plaintiff and the Class their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses;

(e)     awarding Plaintiff and the Class all amounts allowable under New York Labor Law Section 198; and

(f)     granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
         April 10, 2008

                    WOLF POPPER LLP



                    Lester L. Levy
                    Michele F. Raphael
                    Natalie M. Mackiel
                    845 Third Avenue
                    New York, New York  10022
                    212.759.4600
                    *Attorneys for Plaintiff and the Class*

-8-

**REQUEST FOR JUDICIAL INTERVENTION**

UCS-840(REV 1/2000)

| Supreme | Westchester | 08-07858 | 04-10-08 | For Clerk Only |
|---|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED | |

PLAINTIFF(S):

Julianne Harayda on behalf of herself and all
others similarly situated

DEFENDANT(S):

Starbucks Corporation

RECEIVED

APR 1 0 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

IAS entry date

Judge Assigned

RJI Date

Date issue joined: _____ Bill of particulars served (Y/N): [ ] Yes    [ ] No

**NATURE OF JUDICIAL INTERVENTION** (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
    readiness

[ ] Notice of motion (return date:_____)
    Relief sought _____

[ ] Order to show cause
    (clerk enter return date:_____)
    Relief sought_____
[ ] Other ex parte application (specify:

_____)

[ ] Notice of petition (return date:_____)
    Relief sought _____

[ ] Notice of medical or dental malpractice
    action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus

[X] Other (specify: assign to Commercial
_____ Division    )

**NATURE OF ACTION OR PROCEEDING** (Check ONE box only)

**MATRIMONIAL**
[ ] Contested                          -CM
[ ] Uncontested                        -UM

**COMMERCIAL**
[ ] Contract                           -CONT
[ ] Corporate                          -CORP
[ ] Insurance (where insurer is a
    party, except arbitration)         -INS
[ ] UCC (including sales, negotiable
    instruments)                       -UCC
[X] *Other Commercial                  -OC
    class action

**REAL PROPERTY**
[ ] Tax Certiorari                     -TAX
[ ] Foreclosure                        -FOR
[ ] Condemnation                       -COND
[ ] Landlord/Tenant                    -LT
[ ] *Other Real Property               -ORP

**OTHER MATTERS**
[ ] *                                  -OTH

**TORTS**

Malpractice
[ ] Medical/Podiatric                  -MM
[ ] Dental                             -DM
[ ] *Other Professional                -OPM

[ ] Motor Vehicle                      -MV
[ ] *Products Liability                -PL

[ ] Environmental                      -EN
[ ] Asbestos                           -ASB
[ ] Breast Implant                     -BI
[ ] *Other Negligence                  -OTN

[ ] *Other Tort (including
    intentional)                       -OT

**SPECIAL PROCEEDINGS**
[ ] Art. 75 (Arbitration)              -ART75
[ ] Art. 77 (Trusts)                   -ART77
[ ] Art. 78                            -ART78
[ ] Election Law                       -ELEC
[ ] Guardianship (MHL Art. 81)         -GUARD81
[ ] *Other Mental Hygiene              -MHYG
[ ] *Other Special Proceeding          -OSP

* Class action to recover gratuities,that were improperly demanded and retained by
  Starbucks in violation of New York Labor Law § 193, 196-d and 198-b

Check "YES" or "NO" for each of the following questions:

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|-----|-----|-----|-----|-----|-----|
| [ ] | [X] | Municipality: | [ ] | [X] | Public Authority: |
| | | (Specify_____) | | | (Specify_____) |

| YES | NO | |
|-----|-----|-----|
| [X] | [ ] | Does this action/proceeding seek equitable relief? |
| [ ] | [x] | Does this action/proceeding seek recovery for personal injury? |
| [ ] | [X] | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

◻ Expedited: 0-6 months        ◻ Standard: 9-12 months        ◻X Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?            ◻X No        ◻ Yes, Date_____

Was a Notice of No Necessity filed?  ◻X No        ◻ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ◻ | Wolf Popper LLP | 845 Third Avenue New York, NY 10022 | 212-759-4600 |
| ◻ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|-----|-----|-----|-----|
| ◻ | Starbucks Corp. - Registered Agent | 80 State Street Albany, NY 12207 | 518-433-4740 |
| ◻ | The Prentice Hall Corp. System | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:



RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|-----|-----|-----|-----|



        I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: _____

                        _____
                              (SIGNATURE)

                        Lester L. Levy
                        _____
                        (PRINT OR TYPE NAME)

                        Plaintiff - Julianne Barayda
                        _____
                              ATTORNEY FOR


                ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

## BRIEF STATEMENT JUSTIFYING ASSIGNMENT TO THE COMMERCIAL DIVISION PURSUANT TO NY CPR § 202.70(d)

This action, Harayda v. Starbucks Corporation, is appropriately assigned to the Commercial Division pursuant to NY CPR § 202.70(b) because this action involves internal affairs of a business organization and is a commercial class action seeking equitable relief or, in the alternative, monetary damages above $5,000,000.

Dated: April 10, 2008

WOLF POPPER LLP

By: _____
Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
845 Third Avenue
New York, NY 10022
(212) 759-4600

*Attorneys for Plaintiffs*

9730-0294 160373.1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**
-------------------------------------------------------------x
JULIANNE HARAYDA on behalf of herself
and all others similarly situated,

Plaintiff(s)

**COMMERCIAL DIVISION ATTORNEY'S
CERTIFICATION**

-against-

STARBUCKS CORPORATION,

Index No. O 8 - O 7 8 5 8

Defendant(s).

-------------------------------------------------------------x

_____Lester L. Levy, Esq._____, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following statements to be true under the penalties of perjury:

1.    I am the attorney of the _____Plaintiff_____ and submit this affirmation in support of assignment of this action to the Commercial Division.

2.    This case involves the following causes of actions and defenses: _A Class Action_

for violations of New York Labor Law ss 193, 196-d and 198-b

3.    This case involves the following amount of money at issue, exclusive of punitive damages, interest, costs, disbursements and counsel fees claimed _in excess of $5,000,000.00_

4.    I am fully familiar with the facts and pleadings in this action and have reviewed the Uniform Rules of the Commercial Division. 22 NYCRR 202.70.

5.    I believe that this case complies with the Uniform Rules of the Commercial Division and should be assigned to the Commercial Division.

Dated:_April 10, 2008_

_____Lester L. Levy, Esq._____

EXHIBIT B



**CORPORATION SERVICE COMPANY®**

LDD / ALL
Transmittal Number: 5725162
Date Processed: 04/17/2008

# Notice of Service of Process

| Primary Contact: | Emi McElroy<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. South<br>Floor 8TH MS:S-LA1<br>Seattle, WA 98134 |
|---|---|

| | |
|---|---|
| Entity: | Starbucks Corporation<br>Entity ID Number  0178010 |
| Entity Served: | Starbucks Co. |
| Title of Action: | Harayda  vs. Starbucks Corporation |
| Document(s) Type: | Other |
| Nature of Action: | Labor / Employment |
| Court: | Westchester Supreme Court, New York |
| Case Number: | 7858/08 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 04/17/2008 |
| Answer or Appearance Due: | 05/02/2008 |
| Originally Served On: | CSC |
| How Served: | FAX |
| Sender Information: | Nancy Carlucci<br>914-824-5348 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com





# facsimile
## TRANSMITTAL



**to:**   Starbucks Co., c/o The Prentice Hall Corp.

**fax #:**   (518) 445-6565

**from:**   Jennifer, Secretary to the Honorable Alan D. Scheinkman

**re:**   Harayda v. Starbucks Corporation
Index No.: 7858/08

**date:**   April 17, 2008

**pages:**   7, including this cover sheet.

From the Chambers of...

HON. ALAN D. SCHEINKMAN
SUPREME COURT JUSTICE
111 DR. MARTIN LUTHER KING JR., BLVD.
WHITE PLAINS, NEW YORK 10601

Phone (914) 824-5419



**SUPREME COURT OF THE STATE OF NEW YORK**
RICHARD J. DARONCO
WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING, JR. BLVD.
WHITE PLAINS, NEW YORK 10601
(914) 824-5419

ALAN D. SCHEINKMAN
JUSTICE OF THE SUPREME COURT

April 17, 2008

Lester L. Levy, Esq.
Wolf Popper, LLP
845 Third Avenue
New York, New York 10022

Starbucks Corp.
c/o The Prentice Hall Corp.
80 State Street
Albany, New York 12207

          Re:    Harayda v. Starbucks Corporation
          Index No.: 7858/08

Dear Counselors:

      A Preliminary Conference, for counsel only, will be held at 111 Dr. Martin Luther King Jr. Blvd, Annex Courtroom 105, White Plains, New York on:

      May 2, 2008 at 9:30 AM

      An attorney thoroughly familiar with the case and with binding authority to agree on behalf of each party with respect to pre-trial and settlement matters must attend this conference.

      Copies of all pleadings, to date, shall be received by the Court at least one (1) business day prior to the conference in a joint submission by counsel. A short description of the facts and each parties' contentions, not exceeding one page, must also be provided at that time.

      Counsel are directed to consult prior to the conference in accordance with the provisions of Rule 8 of the Rules of Practice for the Commercial Division, and are further directed to be prepared to discuss with the Court the results of such consultation at the conference. A copy of the Court's Preliminary Conference Order is enclosed for your review.

      At the conference, the Court will issue a Disclosure Order scheduling all pre-trial discovery, and will set a date for a Compliance Conference and/or Status Conference. The Court shall also be willing to discuss settlement of the action or the narrowing of the areas of dispute between the parties.

Requests for adjournment of this conference date must be on consent, confirmed by stipulation, subject to the approval of the Court. In no event will more than one adjournment of the Preliminary Conference be granted. If you have any questions or any scheduling conflict, please contact our Part Clerk, Nancy Carlucci at (914) 824-5348.

Very truly yours,

ALAN D. SCHEINKMAN
Supreme Court Justice
Commercial Division

ADS:jj

SUPREME COURT OF THE STATE IF NEW YORK
COUNTY OF WESTCHESTER

P R E S E N T :

               Hon. Alan D. Scheinkman
               Justice Supreme Court
-----------------------------------------------X

                         Plaintiff,       :    **PRELIMINARY CONFERENCE**
                                               **ORDER –COMMERCIAL CASE**

          -against-               :    Index No.

                         Defendant.     :
-----------------------------------------------X

SCHEINKMAN, J.:

      Counsel having appeared for a preliminary conference on _____ , 200_:

Plaintiff:

                                _____ Name _____

                                _____ Firm _____

                                _____ Address _____

                                _____ Telephone Number _____

                                _____ Fax _____

Defendant:

                                _____ Name _____

                                _____ Firm _____

                                _____ Address _____

                                _____ Telephone Number _____

                                _____ Fax _____

and the Court having conducted a preliminary conference in the above-entitled action, it is hereby ORDERED as follows, pursuant to Rule 8 of the Rules of Practice for the Commercial Division:

1.    Any Demand for a Bill of Particulars shall be served on or before _____    _____ and any Bill of Particulars shall be served on or before _____    _____.

2.    Any Demands for Discovery and Inspection shall be served on or before _____ and all Responses to such Demands shall be served on or before _____.

3.    Any Interrogatories shall be served on or before _____    _____ and all Answers to Interrogatories shall be served on or before _____    _____.

4.    Any deposition on Oral Questions to be taken of Plaintiff shall be held on or before _____    _____ at _____    _____.

5.    Any deposition on Oral Questions to be taken of Defendant shall be held on or before _____    _____ at _____    _____.

6.    Any deposition on Oral Questions to be taken of any non parties shall be held on or before _____    _____ at _____    _____.

7.    Other Disclosure, including Expert Disclosure, shall be:

8.    Electronic Discovery shall be:

9.    Discovery shall be limited to the following issues:

_____

_____

_____

_____

10.    Impleader shall be completed on or before _____    _____.

11.    All discovery shall be completed by _____ _____ and any discovery not then completed may be considered waived. The failure to provide a document, or to otherwise provide discovery, may result in preclusion.

12.    A Compliance/Settlement Conference will be held on_____ at _____.

13.    A Trial Readiness Conference will be held on_____ at_____. On this date a Trial Readiness Order will be issued to the Plaintiff to which Plaintiff shall serve and file a Note of Issue and Certificate of Readiness within (20) days of the date of the Trial Readiness Order.

14.    Any dispositive motion(s) shall be served and filed on or before ____ _____ .

15.    Absent an order of the Court to the contrary, the making of any dispositive motion will NOT stay discovery and will NOT result in, or justify, any change or adjustment in the dates set forth hereinabove.

16.    THE DATES SET FORTH ABOVE MAY NOT BE ADJOURNED EXCEPT WITH THE PRIOR APPROVAL OF THE COURT.

17.    In the event of a discovery dispute, counsel shall comply with Rule 14 of the Rules of Practice in the Commercial Division. In furtherance thereof, in the event that counsel, after good faith consultation, cannot resolve a discovery dispute, counsel shall promptly contact the Court at 914-824-5419 and arrange for either an in-court or telephonic conference. No motion relating to discovery shall be made without the prior permission of the Court. Neither the existence of any discovery dispute nor the making of any discovery motion shall result in, or justify, any change or adjustment in the dates set forth above, unless otherwise permitted by the Court.

18.    All motions (including any discovery motions permitted by the Court) shall be governed by Rules 16 through 24 of the Rules of Practice in the Commercial Division. No sur-reply (which includes reply in further support of a cross-motion) or post-submission papers will be considered by the Court, except as authorized by the Court or by Rule 18. All motions shall be made returnable on Fridays. No motion shall, absent the permission of the Court, be made returnable on any other day.

19.    Counsel shall not copy the Court on correspondence between them.

20.    No document, including correspondence, shall be sent to the Court without prior authorization from Chambers to do so.

21.    Absent the express permission of the Court, copies of all papers filed with the Court shall be transmitted to all opposing counsel in such fashion as to be received by counsel prior to, or contemporaneously with, receipt by the Court.

Dated: White Plains, New York

                                        ALAN D. SCHEINKMAN
                                        Supreme Court Justice