IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JULIANNE HARAYDA, on behalf of herself and all other similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION,<br><br>        Defendant. | Case No. 08cv4182 |

## ANSWER

Defendant Starbucks Corporation ("Starbucks") hereby submits its Answer to plaintiff Julianne Harayda's Class Action Complaint. Starbucks denies each and every allegation contained in plaintiff's Complaint except as expressly admitted herein.

1. Starbucks admits that plaintiff purports to bring an action against Starbucks on behalf of herself and a class of individuals under New York Labor Law. Starbucks denies all remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Starbucks admits that it transacts and conducts business and earns revenues in New York. Starbucks denies all remaining allegations in Paragraph 2 of the Complaint.

3. Starbucks admits plaintiff purports to state claims only under the laws of the state of New York in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Starbucks admits that it does business in

Westchester County, New York and elsewhere in the State of New York. Starbucks is without sufficient information to form a belief as to the remaining allegations in Paragraph 4, and therefore denies them.

5. Starbucks admits that plaintiff worked as a barista in a Starbucks store in New York in 2007. Starbucks is without sufficient information to form a belief as to the remaining allegations in Paragraph 5, and therefore denies them.

6. Starbucks admits the allegations in Paragraph 6 of the Complaint.

7. Starbucks admits that plaintiff received an hourly wage during her employment. Starbucks further admits that gratuities left in containers at Starbucks stores are distributed to hourly, non-exempt employees such as plaintiff on at least a weekly basis. Starbucks denies all remaining allegations in Paragraph 7 of the Complaint.

8. Starbucks admits that while plaintiff was employed by Starbucks, an hourly, non-exempt employee would remove tips from tip jars at register each day and place them in the store safe. Starbucks further admits that hourly, non-exempt employees received a portion of tips each week in cash. Starbucks denies all remaining allegations in Paragraph 8 of the Complaint.

9. Starbucks admits the allegations in Paragraph 9 of the Complaint.

10. Starbucks admits the allegations in Paragraph 10 of the Complaint.

11. Starbucks denies the allegations in Paragraph 11 of the Complaint.

12. Starbucks admits that plaintiff purports to cite Section 193 of the New York Labor law in Paragraph 12 of the Complaint. Starbucks denies that it has violated such section.

13. Starbucks denies the allegations in Paragraph 13 of the Complaint.

14. Starbucks admits that plaintiff purports to cite Section 196-d of the New York Labor law in Paragraph 14 of the Complaint. Starbucks denies that it has violated such section.

15. Starbucks denies the allegations in Paragraph 15 of the Complaint.

16. Starbucks admits that plaintiff purports to cite Section 198-b of the New York Labor Law in Paragraph 16 of the Complaint. Starbucks denies that it has violated such section.

17. Starbucks denies the allegations in Paragraph 17 of the Complaint.

18. Starbucks denies the allegations in Paragraph 18 of the Complaint.

19. Starbucks denies the allegations in Paragraph 19 of the Complaint.

20. Starbucks admits that plaintiff purports to bring this action on behalf of the proposed class identified in Paragraph 20 of the Complaint. Starbucks denies all remaining allegations in Paragraph 20, and denies that this case may be maintained as a class action.

21. Paragraph 21 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 states legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Paragraph 26 of the Complaint.

27. Starbucks repeats and incorporates by reference its response to Paragraphs 1-26 as its response to Paragraph 27 of the Complaint.

28. Starbucks denies the allegations in Paragraph 28 of the Complaint.

29. Starbucks denies the allegations in Paragraph 29 of the Complaint.

30. Starbucks denies the allegations in Paragraph 30 of the Complaint.

31. Starbucks denies the allegations in Paragraph 31 of the Complaint.

32. Starbucks denies the allegations in Paragraph 32 of the Complaint.

33. Starbucks denies the allegations in Paragraph 33 of the Complaint.

34. Starbucks denies the allegations in Paragraph 34 of the Complaint.

35. Starbucks denies the allegations in Paragraph 35 of the Complaint.

36. Starbucks repeats and incorporates by reference its response to Paragraphs 1-35 as its response to Paragraph 36 of the Complaint.

37. Starbucks denies the allegations in Paragraph 37 of the Complaint.

38. Starbucks denies the allegations in Paragraph 38 of the Complaint.

39. Starbucks admits that plaintiff purports to demand a trial by jury on all issues. Starbucks denies all other allegations in plaintiff's Jury Demand and denies that plaintiff is entitled to the relief requested in Paragraphs (a)-(f) of the Complaint.

## DEFENDANT STARBUCKS CORPORATION'S DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, accord and satisfaction, and release.

## FOURTH DEFENSE

Plaintiff lacks standing to assert some or all of the claims asserted in the Complaint.

## FIFTH DEFENSE

At all relevant times, Starbucks and its agents have acted in good faith and with a reasonable belief that they had not violated any provision of the New York Labor Law.

## SIXTH DEFENSE

The Complaint fails to allege facts sufficient to allow recovery of punitive, liquidated, or exemplary damages from Starbucks.

## SEVENTH DEFENSE

Plaintiff has failed to join all indispensable and/or necessary parties for the just and complete adjudication of the matters alleged.

## EIGHTH DEFENSE

Plaintiff's claims are subject, in whole or in part, to Starbucks right to set-off.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

Starbucks did not willfully deprive any person of any wages, gratuities, compensation, or monies to which they may have been entitled.

## ELEVENTH DEFENSE

Any recovery to which plaintiff may be entitled must be barred or reduced because of plaintiff's failure to mitigate damages.

## TWELFTH DEFENSE

The Complaint and plaintiff's alleged recovery are barred to the extent that plaintiff has suffered no damages.

## THIRTEENTH DEFENSE

The Complaint fails to state a claim upon which declaratory or injunctive relief can be granted.

## FOURTEENTH DEFENSE

Plaintiff's claims barred, in whole or in part, by the doctrines of collateral estoppel and *res judicata*.

## FIFTEENTH DEFENSE

All or part of plaintiff's claims are barred by the *de minimis* doctrine.

## ADDITIONAL DEFENSES

Starbucks reserves the right to add to this Answer and to rely upon affirmative defenses disclosed by further investigation and discovery.

WHEREFORE, having fully answered the Complaint, Starbucks prays for relief as follows:

1. For an Order dismissing Plaintiff's Complaint with prejudice;

2. For an Order granting Starbucks its attorneys' fees, costs and disbursements incurred in defending this action.

3. Such other and further relief that the Court deems just and equitable.

DATED: May 1, 2008

        Respectfully submitted,

        */s/ Samidh Guha*
        Samidh Guha
        AKIN GUMP STRAUSS HAUER & FELD, LLP
        590 Madison Avenue
        New York, NY 10022
        Telephone: (212) 872-1000
        Facsimile: (212) 872-1002
        sguha@akingump.com

        ATTORNEYS FOR DEFENDANT
        STARBUCKS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copy of the foregoing Answer to Plaintiff's Complaint was served this 1st day of May, 2008 via first-class U.S. mail, postage prepaid, on the following:

Lester L. Levy
Michele F. Raphael
Natalie M. Mackiel
WOLF POPPER LLP
845 Third Avenue
New York, NY 10022

*Samidh Guha*
Samidh Guha