**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**JEANA BARENBOIM, JOSE ORTIZ, and**
**REVANS RAGBIR on behalf of themselves**     **INDEX NO: 08-cv-3318 (LTS)**
**and others similarly situated,**

          **Plaintiffs,**

    v.

**STARBUCKS CORPORATION,**

          **Defendant.**
-----------------------------------------------------------x

### DECLARATION OF MAIMON KIRSCHENBAUM

I, Maimon Kirschenbaum, under penalty of perjury, affirm as follows:

1. My name is Maimon Kirschenbaum, and I am a member of Joseph & Herzfeld LLP, Plaintiffs' counsel in the above-captioned matter together with Shannon Liss-Riordan of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.

2. My first communication with Ms. Liss-Riordan and Wolf Popper regarding this matter occurred on July 3, 2008.

3. The conversation ended abruptly with Mr. Levy of Wolf Popper refusing to discuss with us any possible deal other than his original proposal.

4. Fearing that the conversation had not ended well, I subsequently reached out to Ms. Raphael of Wolf Popper to discuss further possibilities and another specific proposal.

5. Ms. Raphael assured me that she would discuss the matter with her partners and get back to me.

6. In an email dated July 9, 2008, Ms. Raphael further assured Mr. Kirschenbaum that she would discuss the matter with her partners. I have attached a true and correct copy of the email as Exhibit A.

7. Two days later, approximately five minutes before the conference on July 11, 2008, Mr. Levy approached me and asked if we "had a deal," *i.e.,* whether Barenboim counsel had agreed to Wolf Popper's original proposal.

8. I was stunned that despite Ms. Raphael's representations that she would discuss with Mr. Levy the subsequent negotiations, Mr. Levy completely ignored the subsequent proposals and insisted on his original.

9. I informed Mr. Levy that as expressed many times, Barenboim counsel was not comfortable with that proposal, but remained open to future discussion after the conference. Mr. Levy stated that he could not remain after the conference.

10. I suggested that we discuss the matter the following week.

11. The first communication by Mr. Levy to Barenboim counsel following the July 11 conference was an email sent roughly one week later (July 17, 2008).

12. The email disingenuously stated that Mr. Levy thought that the Barenboim counsel had already agreed to his proposal and complained that the Barenboim counsel had not abided to the terms of the "agreement." The email correspondence between the two of us is attached as Exhibit B.

13. I immediately responded by email protesting Mr. Levy's attempt to "build a record" by setting forth this self-serving version of the events.

14. Nevertheless, I made abundantly clear to Mr. Levy that the Barenboim counsel was still open to further discussions of working together. Wolf Popper simply

ignored this invitation and filed a motion for interim appointment of class counsel on July 23, 2008.

I affirm, under penalty of perjury, that the above and foregoing information is true and correct.

Dated: August 20, 2008

/s/ D. Maimon Kirschenbaum
Maimon Kirschenbaum

## Maimon Kirschenbaum

**From:** Michele F. Raphael [MRaphael@wolfpopper.com]
**Sent:** Wednesday, July 09, 2008 4:01 PM
**To:** Maimon Kirschenbaum
**Subject:** Starbucks

Maimon,
I passed along your proposal.  We are a little concerned with your provision about 2 times lodestar.   However, we understand your concerns and could make some provision in a fee agreement that the fee split should be proportionate to the work split.  I am confident, that we can come to an understanding  I suggest speaking tomorrow or at the courthouse on Friday.  Will Shannon be attending on Friday as well?  Irrespective of this issue, we should maintain a united front against Starbucks.
Michele

### Maimon Kirschenbaum

**From:** Maimon Kirschenbaum
**Sent:** Thursday, July 17, 2008 10:13 AM
**To:** Lester L. Levy; Shannon Liss-Riordan
**Subject:** Re: Starbucks Employee Gratuity litigation

Lester:

Your self-serving "building a record" email is disingenous and blatantly false.

At which point did you believe that we accepted your proposal: (A) During our first conversation, which ended with you in a huff because we rejected your proposal; (B) When I called your partner and made a different reasonable proposal (which, despite your partner's representations, you stiil have not responded to); (C) When you approached me minutes before the conference and I told you that we would not accept your proposal, but that we should continue to discuss; or (D) When you announced at the conference that we have not reached a deal?

While we are open to discussing a possible deal, your "my way or the highway" approach will not succeed with us. We are quite comfortable that based on our wage and hour class action experience, we are best suited to represent the class. I urge you to implore a different tone and approach if you would like to deal with us.

Best,

Maimon

Maimon Kirschenbaum
Joseph & Herzfeld LLP
Sent via BlackBerry by AT&T

---

**From**: "Lester L. Levy" <LLevy@wolfpopper.com>
**Date**: Wed, 16 Jul 2008 15:56:17 -0400
**To**: <sliss@prle.com>; <maimon@JHLLP.com>
**CC**: Michele F. Raphael<MRaphael@wolfpopper.com>
**Subject**: [NEWSENDER] - Starbucks Employee Gratuity litigation - Message is from an unknown sender

Shannon and Maimon,

We have, at various times, attempted to work out with you a practical and reasonable way to proceed jointly.  We thought you had accepted our proposal to work cooperatively on a 50/50 basis so that each case would have an equal say in how the consolidated case will proceed. Implicit in that agreement is that one of the cases would not go off and make substantive proposals to the Defendant without consulting with the other case.  In several instances you have not proceeded in that fashion.

I would like to try once more to resolve this.  Our proposal is that the two cases be co-equal, that they would consult with each other and work cooperatively in all substantive matters.  The goal is that each case does 50% of the work required and receives 50% of the fee.

Please let us know promptly if you are agreeable.     Lester